O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STERLING KIJAFA BLANCHE, <br><br> Petitioner, <br><br> v. <br><br> MR. D. BAUGHMAN, Warden, <br><br> Respondent. | Case No. CV 16-07392-CAS (KES) <br><br> ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |

On October 3, 2016, Sterling Kijafa Blanche ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (Dkt. 1.) Petitioner also appears to be requesting leave to proceed in forma pauperis. (Id. at 9-13.) This is the second habeas corpus petition that Petitioner has filed in this Court stemming from his 2008 state court convictions and sentence in the Los Angeles Superior Court, case no. NA075048.

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody

"must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" For the reasons set forth below, the Petition must be dismissed as a second or successive petition pursuant to 28 U.S.C. § 2244(b).

# I.

# BACKGROUND

## A.   State Court Proceedings[1]

On July 21, 2008, Petitioner was convicted by a Los Angeles Superior Court jury of one count of second degree robbery, two counts of assault with a firearm, and two counts of false imprisonment by violence. The jury also found true various sentence enhancement allegations. The trial court subsequently sentenced Petitioner to state prison for an aggregate term of 149 years and 8 months to life.

Petitioner and his co-defendant appealed, claiming that sentence enhancements were incorrectly imposed and that their sentences were incorrectly calculated. They also claimed that substantial evidence did not support the imposition of separate punishments for assault and false imprisonment. On April 20, 2010, in an unpublished decision, the California Court of Appeal (a) struck several of the enhancements, (b) ordered that the sentence on two of the counts be stayed and reduced the sentence enhancements on those counts, and (c) affirmed the judgement as so modified. Petitioner did not petition the California Supreme Court for review of the Court of Appeal decision.

---

[1]   The relevant state court documents were lodged in Petitioner's first federal habeas case in this Court, discussed infra, in support of Respondent's motion to dismiss. The Court takes judicial notice of its own records. Fed. R. Evid. 201(b)(2); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

Petitioner's first collateral challenge consisted of a petition for writ of habeas corpus constructively filed in Los Angeles County Superior Court on August 22, 2011. Petitioner alleged therein an ineffective assistance of trial counsel claim. That petition was denied on October 11, 2011.

Petitioner's next collateral challenge consisted of a habeas petition constructively filed in the California Court of Appeal on December 2, 2011. The sole claim alleged therein was ineffective assistance of trial counsel. On December 27, 2011, the Court of Appeal summarily denied petitioner's habeas petition without comment or citation to authority. Petitioner then raised the same ineffective assistance claim in a habeas petition constructively filed in the California Supreme Court on February 5, 2012. On June 20, 2012, the California Supreme Court summarily denied petitioner's habeas petition without comment or citation to authority.

**B.** **Prior Federal Proceedings**

    **1.** **First Federal Habeas Petition**

In June 2013, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("First Petition"), which was assigned case no. 2:13-cv-04410-CAS-RNB. The First Petition challenged Petitioner's convictions in Los Angeles County Court, case no. NA075048. (First Petition at 2 ¶ 2.) The First Petition raised six claims of ineffective assistance of trial counsel, including that counsel had failed to investigate a potential alibi witness and failed to explore the possibility that Petitioner's co-defendants wished to give exonerating testimony on his behalf. (First Petition at 9-10.)

Respondent moved to dismiss the First Petition as untimely. On December 4, 2013, the Magistrate Judge assigned to the case issued a Report and Recommendation recommending that motion be granted. The Magistrate Judge found that, unless Petitioner were entitled to statutory or equitable

3

tolling, his last day for filing a federal habeas petition was on June 1, 2011, two years prior to the filing of the First Petition. The Magistrate Judge recommended that Petitioner was not entitled to statutory tolling because, when he filed his first collateral challenge in state court, the one-year limitation period in the Antiterrorism and Effective Death Penalty Act ("AEDPA") had already lapsed. The Magistrate Judge considered whether Petitioner was entitled to equitable tolling on the basis of mental illness, as there was some indication that Petitioner had been prescribed psychotropic medication; ultimately, however, the Magistrate Judge recommended that Petitioner was not so entitled. Finally, the Magistrate Judge recommended that Petitioner had not made a showing of "actual innocence" as would meet that exception to the AEDPA statute of limitations.

On April 7, 2014, after considering objections filed by Petitioner, the Court adopted the Report and Recommendation and dismissed the First Petition with prejudice. The Court also declined to issue a certificate of appealability under 28 U.S.C. § 2253(c)(2).

Petitioner subsequently filed a "Request for Reconsideration of Judgment Dismissing the Action with Prejudice" and a "Request for Judicial Notice," both of which were denied. Petitioner then appealed the dismissal of the First Petition to the Ninth Circuit. The Ninth Circuit denied Petitioner's request for a certificate of appealability, thereby effectively affirming the dismissal of the First Petition.

**2.    Motion for Extension of Time to File Habeas Petition**

On September 1, 2016, Petitioner constructively filed a "Motion for Extension of Time to File Petition for Writ of Habeas Corpus," which was assigned case no. 2:16-cv-06771-CAS-KES. On September 15, 2016, the Court denied the motion and administratively closed the case. The Court found that, because Petitioner did not currently have a petition for habeas corpus pending

before the Court, the case-and-controversy requirement of Article III was not met.

## II.

## DISCUSSION

The instant Petition raises two grounds for relief: (1) the sentencing court violated Petitioner's Eighth and Fourteenth Amendment rights by applying strikes and/or sentencing enhancements that were barred by Petitioner's age; and (2) the sentencing court violated Petitioner's Eighth and Fourteenth Amendment rights by sentencing him to consecutive terms of imprisonment instead of concurrent terms. (Dkt. 1 at 5-6 ¶ 8.)

The Petition now pending is governed by AEDPA, which provides in pertinent part as follows:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

5

<u>(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.</u>

28 U.S.C. § 2244(b) (emphasis added).

The Petition now pending constitutes a second and/or successive petition challenging the same conviction as Petitioner's prior habeas petition, within the meaning of § 2244(b). Thus, it was incumbent on Petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider his new claims prior to the filing of the instant Petition. Petitioner's failure to secure an order from the Ninth Circuit deprives this Court of subject matter jurisdiction. <u>Cooper v. Calderon</u>, 274 F.3d 1270, 1274 (9th Cir. 2001), <u>cert. denied</u>, 538 U.S. 984 (2003).

IT IS THEREFORE ORDERED that this action be summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  October 17, 2016

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

Presented by:

KAREN E. SCOTT
United States Magistrate Judge

6